**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Juan Reyes-Alvarez, | Case No.: 2:26-cv-00561-JAD-DJA |
| Petitioner | **Order Instructing the Petitioner to Submit an IFP Application or Pay Filing Fee, Appointing Counsel, Directing Service, and Setting a Briefing Schedule** |
| v. | |
| Chief Counsel for the District of Nevada, | [ECF No. 1-1] |
| Respondents | |

Petitioner Juan Reyes-Alvarez, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241.[1]  Having conducted a preliminary review of the petition, I find that the petitioner has not properly commenced this action by either paying the standard $5.00 filing fee or filing a complete application for leave to proceed *in forma pauperis* (IFP).[2]  The petition also suffers from a procedural defect: the petitioner has not listed the warden of Nevada Southern Detention Center as a respondent in this action.  Nevertheless, I find that the appointment of counsel is in the interest of justice given, among other things, the complexities of this case.[3]  And I direct that the petition be served on the

---

[1] ECF No. 1-1.

[2] A $5.00 filing fee is required to initiate a habeas action in a federal district court.  28 U.S.C. § 1914(a).  The court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he submits an IFP application on the approved form and includes three documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs; (b) a financial certificate signed by the prisoner and an authorized prison official; and (c) a copy of the prisoner's account statement for the six-month period prior to filing.  *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

[3] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due-process violations or when the interests of justice so require.  18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

United States Attorney's Office for the District of Nevada because that office will be representing at least one respondent in this matter following the filing of a counseled amended petition. I also set a briefing schedule for an amended petition, response, and reply.

IT IS THEREFORE ORDERED that **the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner** and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) within 7 days of the date of this order. If the FPD is unable to represent the petitioner because of a conflict of interest or for any other reason, alternate counsel will be appointed. Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that if the FPD files a notice of appearance in this matter, it will then have 14 days to (1) file a motion to proceed IFP or pay the $5 filing fee on behalf of the petitioner and (2) file an amended petition (or to indicate that an amended petition is unnecessary). The FPD must effectuate service of the amended petition on the respondents.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

1. **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Under the District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

2. **ADD** John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060 to the docket as an Interested Party and SEND Ashlee Hesman a copy of the petition and this order to ahesman@stucklove.com

3. **SEND** a copy of the petition (ECF No. 1-1) and this order to the FPD at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division.

IT IS FURTHER ORDERED that the United States Attorney's Office for the District of Nevada must file a notice of appearance within 7 days of the date of this order and file and serve their answer to the amended petition within 7 days of service of the petitioner's counseled amended petition.  The respondents must file any documents referenced or relied upon in their responsive pleading with that pleading.[4]  Petitioner will then have 7 days to file a reply.

IT IS FURTHER ORDERED that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible.  Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension.  Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

IT IS FURTHER ORDERED that **the respondents must not transfer the petitioner out of this district, with the exception of effectuating the petitioner's lawful deportation**.[5]

_____
U.S. District Judge Jennifer A. Dorsey
March 4, 2026

---

[4] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus [that] establishes a prima facie case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (cleaned up) (citing 28 U.S.C. § 2243)).

[5] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

3